**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

MONTEL DEAN MURRY                                                        PLAINTIFF
# 2218

v.                                    4:25CV01141-DPM-JTK

BRANDI TUCKER, et al.                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.      Introduction

Montel Dean Murry ("Plaintiff") is incarcerated at the Pulaski County Detention Center (the "Detention Center").  (Doc. No. 2 at 3).   Plaintiff's Amended Complaint is the operative pleading in this action.  (Doc. No. 4).  Plaintiff sued Brandi Tucker and Bertha Lowe (collectively, "Defendants") in their official capacities under 42 U.S.C. § 1983.  (Id. at 1).  Plaintiff alleges deliberate indifference to his serious medical needs.  He says Defendants denied him care for his epilepsy disorder.  (Id. at 1).

Defendants have filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 19-21). Plaintiff has responded. (Doc. No. 27).

After careful consideration of the record and for the reasons set out below, the Court recommends that Defendants' Motion be granted and Plaintiff's claims be dismissed for failure to exhaust administrative remedies.

## II.    Plaintiff's Claims

Plaintiff claims that on September 27, 2025, he put in a sick call in connection with his epilepsy disorder. (Doc. No. 4 at 1). Plaintiff had suffered injuries to his back and arm during his seizures. (Id.). On October 1, 2025, Defendant Tucker denied Plaintiff his right to be seen at sick call but charged Plaintiff for the visit anyway. (Id.). Plaintiff suffered another seizure because he was unable to be seen at sick call. (Id.). Plaintiff asserts Defendant Tucker violated Turnkey policy by denying Plaintiff his right to be seen at sick call. (Id.). Plaintiff explains that Turnkey is a third-party medical provider and that Turnkey employs Defendants. (Id.).

On October 7, 2025, Defendant Lowe denied Plaintiff's request to be seen by a provider. (Doc. No. 4 at 1). Plaintiff asked Defendant Lowe to see a provider because Defendant Lowe had knowledge of Plaintiff's "condition and injuries" and because Plaintiff had been denied a sick call visit. (Id.).

## III.    Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Discussion

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. Nos. 19-21). According to the Prison Litigation Reform Act ("PLRA"),

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731,

3

741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

### A.      The Uncontested Facts

On March 31, 2026, the Court entered an Order advising Plaintiff of what any response to Defendants' Motion should include.  (Doc. No. 22).  The Court pointed out that Plaintiff must file a statement that lists any disagreement he has with the specifically numbered factual assertions in Defendants' Statement of Undisputed Fact.  (Id. at 1-2).  The Court explained that if Plaintiff disputes any of the facts, he must explain why.  (Id. at 2, n.2).  Significantly, the Court warned Plaintiff that if he did not comply with the Court's Order, all facts in Defendants' summary judgment papers would be deemed admitted.  (Id. at 2).

As noted above, Plaintiff responded to Defendants' Motion.  (Doc. No. 27).  Despite the Court's detailed instructions, Plaintiff did not contest any undisputed fact submitted by Defendnats.  (Id.).  As a result, all material facts submitted by Defendants are deemed admitted.

Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas; Fed. R. Civ. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the Detention Center had in place a grievance procedure. (Doc. No. 20 at ¶ 3; Doc. No. 19-1; Doc. No. 19-2; Doc. No. 19-4). The procedure, set out in the inmate handbook, defines a grievance as:

> an allegation or accusation suggesting you have been mistreated, neglected, abused or deprived of something unlawfully; or that a staff member has committed an action which is in violation of department rules or regulations.

(Doc. No. 19-2 at 24).

An inmate must first try to resolve incidents, problems, or complaints verbally through the unit deputy. (Id.). If the issue is not resolved, an inmate may file a written grievance. (Id.). The policy provides: "Initial processing – completed forms via your Unit Kiosk." (Id.). Additionally, copies of grievance forms can be obtained from the deputy in each housing unit. (Id. at 26).

Inmates at the Detention Center must file a grievance within 15 days of the incident or occurrence they wish to grieve. (Id. at 24). An inmate may grieve only one issue or incident per grievance, and the incident must involve the inmate filing the grievance. (Doc. No. 19-2 at 24).

A grievance officer will respond to an inmate's grievance within 10 working days of receiving the grievance, though extensions may be filed. (Id.). The inmate may appeal the response to a grievance within 10 working days of receiving the response. (Id. at 25). An inmate could appeal a grievance decision on the kiosk or by the paper grievance and appeal form. (Doc. No. 19-4 at ¶¶ 9, 10). Plaintiff knew he was able to appeal grievance responses. (Id. at ¶ 14). The Chief of Detention responds to inmate appeals withing 5 working days. (Doc. No. 19-4 at 25).

B.       **Plaintiff Failed to Exhaust his Administrative Remedies**

It is clear that "parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." Perttu v. Richards, 605 U.S. 460, 468 (2025).    Here, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs.  Plaintiff does not allege that Defendants were involved with the grievance procedure or attempted to prohibit Plaintiff's use of the procedure.  Considering the circumstances in this case, the Court may determine the issue of exhaustion.  "In doing so, the Court [will review] . . . documentary evidence and make[] credibility determinations.  Covington v. Stuckey-Parchmon, No. 4:18-CV-01667-SEP, 2021 WL 3856554, at *2 (E.D. Mo. Aug. 27, 2021) (internal citations omitted).  See also Boyd v. Rechcigl, 790 F. App'x 53, 54 (8th Cir. 2020) (affirming district court's findings, including credibility determinations).

In support of their Motion, Defendants presented the grievances Plaintiff filed.  (Doc. No. 19-4 at ¶ 5; Doc. No. 19-3).  The Court has reviewed the grievances.

On February 22, 2025, Plaintiff filed a grievance against Defendants Lowe and Tucker. (Doc. No. 19-3 at 6).  Plaintiff complained that he had not received his medication.  (Id.).  The grievance contains no mention of epilepsy, seizures, or denied sick call visits.  (Id.).  Further, the grievance was filed on February 22, 2025, while the alleged deliberate indifference in this case took place in September and October, 2025.  All things considered, Plaintiff's February 22, 2025, grievance is not related to his claims in this case.

Plaintiff filed a grievance on October 5, 2025, complaining that Defendant Tucker charged him $5.00 for a sick call but Plaintiff was never seen.  (Id. at 9-10).  Plaintiff requested to be seen or to have his payment refunded.  (Id.).

Plaintiff's October 5, 2025, grievance comes close to his claims in this case but does not chin the bar. The October 5 grievance does not mention Defendant Lowe—which makes sense because Plaintiff's claims against Defendant Lowe arise from an October 7, 2025, incident. No other grievance Plaintiff filed is directed at Defendant Lowe or the allegations against her. Consequently, Plaintiff failed to exhaust his claims against Defendant Lowe.

Plaintiff did mention Defendant Tucker in his October 5 grievance. But the Court agrees with Defendants that the crux of the grievance was the money taken from Plaintiff's account,[1] not the denial of medical care. Even if Plaintiff's October 5, 2025, grievance is broadly construed to include a complaint about medical care, it is uncontested that Plaintiff did not appeal the grievance. Appeal was the last step in the Detention Center's grievance procedure. Because Plaintiff did not appeal his October 5 grievance, he failed to exhaust his administrative remedies against Defendant Tucker. The Court underscores here that no grievance contained any allegations of a wrongful Turnkey policy or procedure.

The Court notes that in his Amended Complaint, Plaintiff asserts that "[t]he Facility kiosk grievance process is final and does not offer an appeal process." (Doc. No. 4 at 1). Plaintiff did not contest the fact that inmates may appeal a grievance response on the kiosk. But even accepting

---

[1] In his Amended Complaint, Plaintiff mentions in passing being charged for a sick call visit he never had. The Court did not construe this embedded 5-word allegation as a separate claim. Even if Plaintiff had raised the issue as a separate claim, the claim would fail. In Hudson v. Palmer, the United States Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." 468 U.S. 517, 533 (1984). The Court of Appeals for the Eighth Circuit has recognized Arkansas's post-deprivation remedies, including a claim for conversion. Butler v. Smith, 208 F.3d 217 (8th Cir. 2000) (unpublished). Because Plaintiff has available an adequate post-deprivation remedy, any allegations regarding the sick-call charge fail to state a claim under §1983.

Plaintiff's allegation as true, Plaintiff also did not contest that appeal was available through the paper grievance and appeal forms as well. Plaintiff did not file an appeal on paper, either.

The Court also notes that Plaintiff's Response asks the Court to hold Defendants' Motion in abeyance until discovery has concluded. (Doc. No. 27). The Court's Initial Scheduling Order clearly provides for a dispositive motion on the issue of exhaustion before the end of the discovery period. (Doc. No. 13). And Defendants provided the grievance procedure and Plaintiff's grievances along with their Motion. Defendants' Motion contained sufficient material for Plaintiff to be able to prepare a response, particularly considering the Court's detailed instruction as to what any Response should include.

Where, as here, Defendants have moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude summary judgment in Defendants favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). To the contrary, Plaintiff did not contest any material fact. As such, Defendants' Motion should be granted and this case should be closed.

## V.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 19) be GRANTED;

2.     Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies;

3.     Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED; and

4.     The Court certify that an <u>in forma pauperis</u> appeal from this Order and accompanying Judgment would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

Dated this 21st day of May, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE